**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JILL SCHWARTZ,

*Plaintiff*,

v.                                                    Civil Action No. 1:19-cv-00340 (CJN)

URBAN COMPASS, INC., et al.,

*Defendants*.

**MEMORANDUM OPINION**

Jill Schwartz alleges that three of her former colleagues in the real estate industry conspired to poach her clients and listings, thereby breaching their contract with her and committing several torts in the process. *See generally* Compl., ECF No. 1. She also alleges that Urban Compass, Inc. ("Compass"), was complicit in the scheme. *Id.*

The individual Defendants, Alexandra Thomas Schwartz, Danielle Spira, and Raymond Ferrara, answered the Complaint. *See generally* Def. Thomas Schwartz's Answer, ECF No. 20 at 1–25; Defs. Ferrara & Spira's Answer, ECF No. 29. Thomas Schwartz also filed a Counterclaim. *See generally* Def. Thomas Schwartz's Counterclaim, ECF No. 20 at 25–37; *see also* Pl.'s Answer to Counterclaim, ECF No. 28. Compass, for its part, moved to compel arbitration as to any claim against it individually and to dismiss those claims. *See generally* Def. Urban Compass, Inc.'s Mot. to Dismiss Pl.'s Compl. and Compel Arbitration, ECF No. 27; Def. Urban Compass, Inc.'s Mem. of P. & A. in Supp. of its Mot. to Dismiss Pl.'s Compl. and to Compel Arbitration ("Mot. to Compel"), ECF No. 27-1. In turn, Plaintiff petitioned the Court for leave to amend her Complaint. *See generally* Pl.'s Mot. for Leave to File Am. Compl., ECF No. 33; Pl.'s Mem. in Supp. of Pl.'s Mot. for Leave to Amend Compl. ("Mot. for Leave"), ECF

No. 33-1.  The Court grants Plaintiff leave to amend in part and stays the sole count against Compass while that claim is submitted to arbitration.

## I.      Background

Jill Schwartz is a real estate agent working in the Washington, D.C. area.  Compl. ¶ 3. She affiliated with Compass in August 2016, signing an Independent Contractor Agreement ("ICA") that provided her with office space, marketing, and technical support in exchange for 15% of her real estate commissions.  Compl. ¶¶ 9, 66; *see also* ICA, ECF No. 27-2; ICA Appendices, ECF No. 27-3.  In 2017 Schwartz recruited three other agents to work as part of her "team" under the name "The Jill Schwartz Group:"  Alexandra Thomas Schwartz (any relation to Plaintiff is unclear from the pleadings), Danielle Spira, and Raymond Ferrara.  Compl. ¶¶ 10–13. Each signed an ICA with Compass and then separately signed (or orally agreed to, without signing) an addendum between the agent and Jill Schwartz laying out commission splits and support from the Jill Schwartz Group.  *Id.*; s*ee also* Def. Thomas Schwartz's Addendum, ECF No. 20-1 at 2–3.  Schwartz's name went on all official documents and listings, and she received the commission on all sales.  Compl. ¶ 14.  In return, Schwartz split the commission with the relevant team member on each sale and provided office space, parking, marketing, and other technology support.  *Id.*  The group focused on high-end, luxury properties.  *Id.* ¶ 8.

Schwartz alleges that, by mid-2018, the other team members decided to abandon their affiliation with her and form their own team in secret.  *Id.* ¶¶ 19–20.  According to Schwartz, the three downloaded a proprietary marketing database, did their own deals on the side without crediting or paying Schwartz, took over Schwartz's license to use a listing database, and eventually took over some of Schwartz's listings after going behind her back to the clients.  *Id.* Soon after, Defendants openly declared their intention to eject Schwartz from the team and

proceed on their own, all while retaining property listings they acquired while relying on Schwartz's assistance and brand recognition. *Id.* ¶¶ 21–22.

Schwartz sought assistance from Compass's managers and requested that they terminate Defendants' affiliation with the company, but Compass instead chose to endorse Defendants' plan. *Id.* ¶ 25. The managers tried to mediate the dispute by dividing the listings between Schwartz and her former teammates, *id.* ¶¶ 26–35, but the Parties were unable to reach a mutually agreeable solution, *id.* ¶ 36. At Compass's insistence, Schwartz terminated her affiliation with the company. *Id.* ¶¶ 36–37. The agent Defendants continue to be affiliated with Compass. *Id.* ¶ 38.

Schwartz filed a six-count complaint on February 11, 2019, alleging that the agent Defendants and Compass engaged in a civil conspiracy to take advantage of Schwartz's brand, to pilfer her listings for themselves, and to force Schwartz to leave the company (Count I). *Id.* ¶¶ 48–55. Schwartz also alleges (II) breach of contract (as to the agents), *id.* ¶¶ 56–60; (III) unjust enrichment (same), *id.* ¶¶ 61–64; (IV) breach of contract (as to Compass), *id.* ¶¶ 65–73; (V) misappropriation of trade secrets under the D.C. Uniform Trade Secrets Act, D.C. Code § 36-401 *et seq.*, Compl. ¶¶ 74–80; and (VI) trademark infringement under the federal Lanham Act, 15 U.S.C. § 1125, Compl. ¶¶ 81–91. Schwartz alleges that the Court has federal-question jurisdiction over Count VI, 28 U.S.C. § 1331, and diversity jurisdiction over the remaining counts, *id.* § 1332, because Schwartz is a Maryland citizen, the agent Defendants are District of Columbia citizens, Compass is a Delaware corporation with its principal place of business in New York, and the amount-in-controversy exceeds $75,000. Compl. ¶¶ 1–7.

The Parties agreed to undergo Court-supervised mediation, but that process failed to resolve the case. *See* Order, ECF No. 10; Minute Order of Sep. 26, 2019 (lifting stay following

mediation). Thomas Schwartz answered the Complaint and filed a Counterclaim against Schwartz, alleging (I) false advertising under the Lanham Act, 15 U.S.C. § 1125, Countercl. ¶¶ 110–22; (II) defamation, *id.* ¶¶ 123–30; (III) intentional interference with prospective economic opportunity, *id.* ¶¶ 131–41; and (IV) unfair competition, *id.* ¶¶ 142–53. Thomas Schwartz's Answer contained detailed affirmative defenses arguing that Schwartz's Complaint failed to state a claim for relief on all counts and suggesting that the Court should dismiss the Complaint, but Thomas Schwartz did not file a motion to dismiss any count at that time. *See* Def. Thomas Schwartz's Answer at 12–22. Defendants Spira and Ferrara jointly filed their own Answer, which expressly adopted Thomas Schwartz's arguments against the Complaint. *See* Defs. Spira and Ferrara's Answer at 11.

Compass separately moved the Court to compel Schwartz to submit her claims against it for arbitration under the binding arbitration clause contained in Schwartz's ICA with Compass. *See generally* Mot. to Compel. Compass also requested that the Court dismiss the claims after sending them to arbitration. *See generally id.*

In response to the Answers, the Counterclaim, and the Motion to Compel, Schwartz sought leave to amend. *See generally* Mot. for Leave. The proposed Amended Complaint would add no new factual allegations but would merely reframe Schwartz's claims into five new counts. *Id.* The proposed Amended Complaint would level a single claim against Compass for breach of contract and would drop any other allegations against the corporation. Pl.'s Proposed Am. Compl. ¶¶ 42–48, ECF No. 33-2. It would also abandon Schwartz's unjust enrichment and trademark claims against the agent Defendants, instead alleging (II) breach of contract, *id.* ¶¶ 49–53; (III) conspiracy, *id.* ¶¶ 54–58; (IV) breach of fiduciary duty, *id.* ¶¶ 59–63; and (V) tortious interference with contract, *id.* ¶¶ 64–69. Finally, the proposed Amended Complaint would join

an extra Plaintiff:  The Jill Schwartz Group, LLC, of which Schwartz claims she is the sole

member.  *Id.* ¶ 1.

## II.     Analysis

### A.     Motion for Leave to Amend Complaint

Schwartz sought leave to amend her Complaint more than 21 days after Defendant

Thomas Schwartz filed her Answer, so Schwartz may not amend as of right.  *See* Fed. R. Civ. P.

15(a)(1)(B).  Instead, she may amend "only with the opposing part[ies'] written consent or the

court's leave."  *Id.* 15(a)(2).  All Defendants oppose amendment, *see, e.g.*, Def. Urban Compass,

Inc.'s Opp'n to Pl.'s Mot. for Leave to Amend Compl. ("Compass's Opp'n"), ECF No. 34, so

Schwartz may only amend her Complaint with the Court's permission.  Fed. R. Civ. P. 15(a)(2).

Although the "[C]ourt should freely give leave when justice so requires," *id.*, justice does

not *always* require the Court to grant leave to amend.  "Leave may properly be denied if the

proposed amendment is futile, such that it would not withstand a motion to dismiss."  *Singletary*

*v. Howard Univ.*, 939 F.3d 287, 295 (D.C. Cir. 2019) (internal quotations and citations omitted).

The Court may also deny leave in the event of "undue delay, bad faith or dilatory motive on the

part of [Plaintiff], . . . [or] undue prejudice to [Defendants]."  *Foman v. Davis*, 371 U.S. 178, 182

(1962); *Elkins v. District of Columbia*, 690 F.3d 554, 565 (D.C. Cir. 2012).

Each group of Defendants adopts variations on those arguments in opposing Schwartz's

Motion.  First, Compass argues that amendment would be futile because the count targeting

Compass would still be subject to the ICA's binding arbitration clause, and thus would be

dismissed.  *See generally* Compass's Opp'n.  Thomas Schwartz renews the arguments she

included in her Answer, asserting that the new legal theories still fail to state a claim and that

amendment is thus futile because the new Complaint would not survive a motion to dismiss.  *See*

*generally* Def. Thomas Schwartz's Mem. of P. & A. in Opp'n to Pl.'s Mot. for Leave to File Am.

Compl. ("Thomas Schwartz's Opp'n"), ECF No. 36.  Thomas Schwartz also argues that

Schwartz brings her proposed amendment in bad faith.  *See generally id.*  Finally, Defendants

Spira and Ferrara argue that they would be prejudiced by any amendment and that The Jill

Schwartz Group, LLC is not a proper Plaintiff that can be joined under Federal Rule of Civil

Procedure 20.  *See generally* Defs. Ferrara and Spira's Opp'n to Pl.'s Mot. for Leave to Amend

Compl. and to Join Jill Schwartz Group, LLC as Pl. ("Ferrara and Spira's Opp'n"), ECF No. 35.

### 1.      Futility

Thomas Schwartz's briefing steps through detailed analyses of each count in the

proposed Amended Complaint and offers thorough arguments for why each allegation would fail

to state a claim for relief under Federal Rule of Procedure 12(b)(6).  *See* Thomas Schwartz's

Opp'n at 3–15.  Her arguments, however, rest on the assumption that she would be able to move

to dismiss the Amended Complaint once it becomes operative in the first place.  Although

Thomas Schwartz's response to the original Complaint argued extensively that the Complaint

failed to state a claim for relief, Thomas Schwartz labeled and filed the document as an Answer

to the Complaint, not as a Motion to Dismiss.  *See generally* Thomas Schwartz's Answer.

Thomas Schwartz did not file a separate motion to dismiss, nor did she attach a proposed order,

as she would have been required to do had she filed the document as a motion.  LCvR 7(c).

As a result, Thomas Schwartz would not be free to move to dismiss the Amended

Complaint in its entirety.  Ordinarily, "[t]he filing of an amended complaint will not revive the

right to present by motion defenses that were available but were not asserted in timely fashion

prior to the amendment of the pleading," but "a . . . defense that becomes available because of

new matter in the amended complaint may be asserted by motion."  5C Charles Alan Wright &

Arthur R. Miller, *Federal Practice and Procedure* § 1388 (3d ed. 2020); *see also Keefe v.

Derounian*, 6 F.R.D. 11, 13 (N.D. Ill. 1946) (denying motion to dismiss amended complaint,

6

which contained no new factual allegations or legal argument but which merely corrected jurisdictional information, because the court had already denied defendant's motion to dismiss original complaint on the same grounds).  Thomas Schwartz may be able to move to dismiss any new legal theories in the Amended Complaint, such as Counts IV (breach of fiduciary duty) or V (tortious interference with contract), but she has already answered corresponding counts for breach of contract and conspiracy.  *See* Thomas Schwartz's Answer ¶¶ 48–60.  Thomas Schwartz has preserved her affirmative defenses against those claims, including her argument that Schwartz has failed to state a claim for relief.  *Id.* at 12–16.  But, having answered the original Complaint, Thomas Schwartz may not now move to dismiss the same content merely because Schwartz has repackaged it in a new Complaint.  *Keefe*, 6 F.R.D. at 13; *see also Fed. Agric. Mortg. Corp. v. It's A Jungle Out There, Inc.*, No. C 03-3721, 2005 WL 3325051, at *5 (N.D. Cal. Dec. 7, 2005) (collecting cases).  Amendment is thus not futile.

Compass is in a different position.  Rather than answering the original Complaint, it timely moved to dismiss and to compel arbitration.  *See generally* Mot. to Compel.  But Compass does not premise its Motion to Dismiss on Rule 12(b)(6) grounds; it argues that the Court should dismiss any counts against it merely because those same claims are subject to mandatory arbitration.  *See id.* at 2.  As explained below, although the claim is subject to arbitration, dismissal is not the proper course of action at this time.  *See infra* Section II.B.  The Court would stay any claims against Compass under either the original Complaint or the Amended Complaint rather than dismissing them.  *Id.*  Furthermore, the amendment works to Compass's *benefit* by simplifying the claims against it and restricting allegations to those clearly within the scope of the ICA's arbitration clause, thereby implicitly conceding Schwartz's earlier opposition to Compass's Motion to Compel.  *Id.*  Amendment is not futile as to Compass.

**2.     Bad Faith**

In addition to futility, Thomas Schwartz argues that the proposed Amended Complaint "conveniently omit[s]" certain factual allegations that are present in the original Complaint, namely that Schwartz negotiated certain disputes over property listings and commissions with Compass rather than with the agents themselves.  Thomas Schwartz's Opp'n at 7–8 (citing Compl. ¶¶ 26, 28, 31).

"Under some circumstances, motions to amend that are intended to avoid summary judgment or otherwise muddy the waters of a court's resolution of the case may be denied as brought in bad faith."  *Sherrod v. McHugh*, 249 F. Supp. 3d 85, 87 (D.D.C. 2017) (internal quotation omitted).  Thomas Schwartz does not explain how the claimed omissions here would obstruct summary judgment, especially since she will have an opportunity to present evidence on the same points at that phase (and can argue that Plaintiff already admitted facts in the original Complaint).  To the extent that Thomas Schwartz contends that Plaintiff intentionally omitted the allegations to thwart dismissal of the Amended Complaint on its face, that concern is irrelevant—as stated above, Thomas Schwartz forfeited her opportunity to move to dismiss the contract claim by answering it in the first instance, so there will be no motion to dismiss Count II of the Amended Complaint.  *See supra* Section II.A.1.

Moreover, the amendment abandons two trademark claims against Thomas Schwartz (as well as the claim for unjust enrichment), thus narrowing the claims at issue to those arising out of the alleged contractual relationship.  Rather than exhibiting bad faith, Schwartz appears to have taken Thomas Schwartz's arguments into account and responded appropriately to avoid expending time and resources litigating claims that were unlikely to succeed.  *See generally* Proposed Am. Compl.; *see also Sherrod*, 249 F. Supp. 3d at 87 ("[P]arties may move to amend to clarify and amplify the allegations in their complaint in light of facts learned during discovery

and arguments made by the opposition." (internal quotation omitted)).  "Preventing a party from amending her complaint on the basis of bad faith generally requires an affirmative showing by the nonmoving party," *Sherrod*, 249 F. Supp. 3d at 87, and Thomas Schwartz has not made such a showing.

### 3.      Prejudice

Ferrara and Spira argue that permitting Schwartz to amend her Complaint will prejudice them because the Amended Complaint contains new legal theories.  *See* Spira and Ferrara's Opp'n at 3–4.  They cite to *In re Sunrise Senior Living, Inc. Derivative Litig.*, 550 F. Supp. 2d 1, 5–8 (D.D.C. 2008), which itself cites to appellate decisions finding prejudice where amendment would "expand[ ] the allegations beyond the scope of the initial complaint," *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999), or where the proposed amendment "contain[ed] new complex and serious charges," *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993).  But in *Parish*, the amendment came *after* Defendants had moved for summary judgment, *see* 195 F.3d at 764; in *Ferguson*, trial was near, 11 F.3d at 707.  In both cases, discovery was complete, so amendment would have reopened discovery.  *Id.*  That's not true here—discovery has not yet started.  There is no prejudice to Defendants.

### 4.      Joinder

In addition to their other arguments, Thomas Schwartz, Spira, and Ferrara flag a curious portion of the proposed Amended Complaint.  *See* Spira & Ferrara's Opp'n at 4–5.  In addition to amending Schwartz's legal theories, the proposed Amended Complaint also seeks to join The Jill Schwartz Group, LLC as co-Plaintiff.  *See* Proposed Am. Compl. ¶ 1.  Schwartz asserts that the company "is a limited liability company organized in the State of Maryland."  *Id.*  But Spira and Ferrara attached evidence to their briefing demonstrating that there is no such LLC registered in Maryland.  *See* Spira & Ferrara's Opp'n at 4–5; *see also id.* at 7–14 (attaching

search results finding no such entity in governmental database).  Moreover, Defendants attached

evidence showing that the LLC is not licensed to do business in the District of Columbia.  *Id.* at

15.  Thomas Schwartz adopted the same argument.  *See* Thomas Schwartz's Opp'n at 15.

Federal Rule of Civil Procedure 20(a)(1) specifies the conditions under which "[p]ersons

may join in one action as plaintiffs."  But assuming that Defendants are correct, The Jill

Schwartz Group, LLC is, at most, an unincorporated entity that lacks the capacity to sue or be

sued—it is not a legal "person" within the scope of the rule and therefore cannot join this suit as

a Plaintiff.  *See* Spira & Ferrara's Opp'n at 4–5.  Schwartz did not reply to any of the three briefs

in opposition to her Motion and so forfeited her opportunity to submit competing evidence that

The Jill Schwartz Group is a real company.  She has therefore conceded the issue.  *Kone v.*

*District of Columbia*, 808 F. Supp. 2d 80, 83 (D.D.C. 2011).

To sum up, Defendants' various arguments opposing amendment are unavailing.  The

Court therefore grants Schwartz's Motion for Leave to Amend and accepts the proposed

Amended Complaint as operative in this suit.  But The Jill Schwartz Group, LLC is not a proper

Plaintiff under Rule 20, so the Court dismisses it from the Amended Complaint.

### B.      Motion to Compel Arbitration

Compass moved to compel arbitration before Schwartz sought leave to amend, so much

of the argument between them focused on whether the old claims against Compass (apart from

the breach-of-contract count) fell within the scope of the ICA's arbitration clause and whether

Schwartz's claims against the agent Defendants were also subject to arbitration.  *See, e.g.*, Pl.'s

Mem. in Opp'n to Def. Urban Compass, Inc's Mot. to Dismiss Pl's Compl. and Compel

Arbitration at 4–7 ("Pl.'s Arbitration Opp'n"), ECF No. 31.  The Amended Complaint, however,

has simplified those matters by abandoning any non-contractual claims against Compass.  *See*

*generally* Am. Compl.  Moreover, the Parties all agree that the arbitration clause does not require

arbitration of the claims between Schwartz and the agent Defendants.  Pl.'s Arbitration Opp'n at

5–7; Def. Thomas Schwartz's Mem. of P. &. A. in Opp'n to Def. Urban Compass, Inc.'s Mot. to

Compel Arbitration at 2–3, ECF No. 30-1; Def. Urban Compass, Inc.'s Reply in Supp. of Mot. to

Dismiss Pl.'s Compl and Compel Arbitration at 2 ("Reply"), ECF No. 32.

    Having resolved those issues, the only remaining questions are whether to compel

arbitration and, if so, what do to with Count I of the Amended Complaint while arbitration

proceeds.  The Parties agree that the contract is question is the Independent Contractor

Agreement (ICA), which Plaintiff signed (but did not date) and which went into effect on August

1, 2016. *See generally* ICA.  The ICA incorporates four Appendices. *Id.* at 1.  Appendix IV,

which Plaintiff initialed, contains the following paragraph:

> Governing Law; Arbitration.  This Agreement shall be interpreted
> in accordance with the laws of the District of Columbia.  All disputes
> between Broker and Agent will be mediated in New York County,
> New York under the rules of the American Arbitration Association
> or other mediator agreed upon by the parties.  The parties will
> equally divide the mediation fee, if any.  Any dispute not resolved
> by mediation will be settled by neutral binding arbitration in
> accordance with the rules of the American Arbitration Association
> or other arbitrator agreed upon by the parties.  Each party to any
> arbitration or litigation (including appeals and interpleaders) will
> pay its own fees, costs, and expenses, including attorneys' fees at all
> levels, and will equally split the arbitrators' fees and administrative
> fees of arbitration.  Except as may be required by law, neither a party
> nor a mediator or arbitrator may disclose the existence, content, or
> results of any mediation or arbitration hereunder without the prior
> written consent of both parties.

ICA Appendices at 10.  The Parties have already tried and failed at mediation, so the provision

above requires that the dispute next go to arbitration.

    Section 4 of the Federal Arbitration Act permits Parties seeking to enforce arbitration

agreements to petition the district court with jurisdiction over the dispute to compel the Parties to

abide by the agreement.  9 U.S.C. § 4.  Plaintiff implicitly concedes that her breach-of-contract

claim is within the scope of the agreement, and she does not challenge the agreement's validity.

*See generally* Pl.'s Arbitration Opp'n.  Count I thus falls squarely within the scope of the

provision and must be arbitrated.

Compass then asks the Court to dismiss that claim outright because there will be nothing

left for the Court to do with the claim once it is submitted to the arbitrator.  Mot. to Compel at 2;

Reply at 3–4.  Plaintiff, on the other hand, asks the Court to stay the claim pending the outcome

of arbitration in order to retain jurisdiction.  Pl.'s Arbitration Opp'n at 7–8.

Under Section 3 of the Federal Arbitration Act,

> [i]f any suit or proceeding be brought in any of the courts of the
> United States upon any issue referable to arbitration under an
> agreement in writing for such arbitration, the court in which such
> suit is pending, upon being satisfied that the issue involved in such
> suit or proceeding is referable to arbitration under such an
> agreement, shall on application of one of the parties stay the trial of
> the action until such arbitration has been had in accordance with the
> terms of the agreement, providing the applicant for the stay is not in
> default in proceeding with such arbitration.

9 U.S.C. § 3.  Circuit courts are split about whether the stay is mandatory or within the District

Court's discretion, but they all assume that a stay is the usual course of action.  *See Katz v.*

*Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) (collecting cases).

Compass cites to a single case for the proposition that the District Court can (and should)

dismiss after compelling arbitration.  *See* Reply at 4.  In *Invista N. Am. S.À.R.L. v. Rhodia*

*Polyamide Intermediates S.A.S.*, the Court very briefly concluded that the plaintiff was "in

default in proceeding with . . . arbitration" because it had "refused to arbitrate the claims in its

complaint," so it was ineligible to seek a stay.  503 F. Supp. 2d 195, 207 (D.D.C. 2007) (citing 9

U.S.C. § 3).  Although there is no D.C. Circuit precedent on this question, the Tenth Circuit has

explained the purpose of the statute's default clause and what might drive a district court to

refuse a stay.  *See Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1294–95 & n.3 (10th Cir.

2015).  The statute allows a district court to dismiss a suit when the party seeking the stay is acting in bad faith by trying to get out of arbitration, such as when it doesn't pay its share of the fees or refuses to participate in arbitral hearings.  *Id.*  If that occurs, then the district court can vacate a previously entered stay and dismiss the case so that the offending party can't use the litigation to combat the effects of arbitration.  *Id.*

None of those circumstances are present here.  The Court will therefore stay Count I of the Amended Complaint pending the outcome of arbitration.

### III.     Conclusion

Defendants' arguments against permitting Schwartz to amend her Complaint are insufficient to overcome Rule 15's presumption that leave to amend should be freely given.  The Amended Complaint neatly disposes of most disputes over the question of arbitration. Accordingly, it is

ORDERED that Plaintiff's Motion for Leave to Amend the Complaint is **GRANTED**. However, Plaintiff The Jill Schwartz Group, LLC is **DISMISSED** without prejudice.  The Amended Complaint, ECF No. 33-2, is **DEEMED FILED**.  It is further

ORDERED that Defendant Urban Compass, Inc.'s Motion to Dismiss Plaintiff's Complaint and Compel Arbitration is **GRANTED in part and DENIED in part**.  Count I of the Amended Complaint is **REFERRED** for arbitration and **STAYED** in the interim.

DATE:  April 20, 2020

CARL J. NICHOLS
United States District Judge