UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

JILL SCHWARTZ,

        *Plaintiff*,

   *v*.

ALEXANDRA THOMAS SCHWARTZ,

        *Defendant*.

Case No. 1:19-CV-00340-CJN

**PRETRIAL STATEMENT**

Counterclaim-Defendant Jill Schwartz ("Schwartz"), by counsel, hereby submits her Pretrial Statement in accordance with this Court's order and LCvR 16.5.

**Statement of the Case**

Schwartz is one of the top luxury real estate agents in the Washington Metropolitan Area. Starting in August 2016, Schwartz joined a real estate brokerage called Urban Compass, Inc. ("Compass"). From August 2016 to present, Schwartz has managed a real estate practice called the Jill Schwartz Group. Schwartz maintained the Jill Schwartz Group's customer relationship management ("CRM") database via a software called MailChimp. The CRM database consisted of all information about clients, contractors, developers and properties, for all which Schwartz personally built throughout her career.

In February 2017, Schwartz hired Counterclaim-Plaintiff Alexandra Thomas Schwartz ("Thomas") as the senior vice president of the Jill Schwartz Group. In the summer of 2018, Thomas, along with two other members, former Defendants Ray Ferrara and Danielle Spira, departed the Jill Schwartz Group. On August 25, 2018, two days before Thomas announced her departure from Jill Schwartz Group, Schwartz received email notifications from MailChimp indicating that Jill Schwartz Group's CRM database has been exported by IP address located in

the Hillandale in Georgetown. At that time Thomas resided in that neighborhood. On August 26, 2018, Thomas caused the listing agreement for 7537 12th St NW to be signed by Urban Edge Residential, LLC, the builder Schwartz had pre-existing business relationships with. Upon notice, Schwartz sent an email to Compass management expressing her frustration over Thomas' conduct. In October 2018, Compass terminated Schwartz. To date, Thomas continues her affiliation with Compass.

### Statement of Claims Made by the Party

The remaining claims are Thomas' defamation claim (Count II of the Counterclaim) and companion unfair competition claim (Count IV of the Counterclaim) against Schwartz. Thomas contends that Schwartz's email to Kimberly Harris, the general manager at Compass, dated September 11, 2018 contains defamatory statements. Thomas contends that the purported defamatory statements made by Schwartz have caused reputational damage to Thomas. Similarly, Thomas claims that Schwartz engaged in the tort of unfair competition by the purported defamatory statements.

### Statement of Defenses Raised by the Party

Schwartz asserts that the purported defamatory statements were merely opinions expressed in the heat of the moment or fair comment grounded on the circumstances. Schwartz further posits that the defense of truth and the lack of malice constitute complete defense. Further, assuming that the statements were in fact defamatory, Thomas suffered no damages.

### Schedule of Witnesses to be Called

1. Alexandra Thomas Schwartz
2. Kimberly Harris
3. Holly Worthington

4. Stanton Schnepp

5. John Gregg at Urban Edge Residential, LLC

6. Chi Perrus at Paragon Construction Company, LLC

7. Jill Schwartz

## List of Exhibits to be Offer in Evidence

1. Alexandra Thomas Schwartz's Terms of Employment at Jill Schwartz Group dated February 13, 2017

2. Emails involving Alexandra Thomas Schwartz and Jill Schwartz scheduling a meeting for August 27, 2018 at 10:30am dated August 25, 2018

3. Email notifications from MailChimp dated August 25, 2018 between 4:13pm-4:23pm

4. Listing Agreement for 7537 12th Street NW dated August 26, 2018

5. IP address lookup information dated February 16, 2019

## Designation of Deposition

Deposition of Alexandra Thomas Schwartz occurred on August 31, 2020 at

- 6:3-6:10
- 7:22-8:15
- 19:1-19:4
- 21:3-21:12
- 22:19-23:20
- 26:13-27:20
- 28:1-29:9
- 31:1-32:18
- 34:10-34:16

- 35:15-35:18
- 36:7-36:12
- 37:17-38:19
- 40:8-42:21
- 43:4-43:22
- 51:21-52:13
- 54:19-55:1
- 62:5-62:14
- 64:13-65:18
- 70:12-71:14
- 72:9-72:14
- 74:12-76:19
- 79:22-81:22
- 82:12-83:22

**Itemization of Damages the Party Seeks to Recover**

Schwartz, as a party defending the remaining claims in this matter, is not seeking to recover independent damages. However, on January 28, 2021, Schwartz an offer of judgment to Thomas in the amount of $1,000 pursuant to Fed. R. Civ. P. 68. The said offer of judgment was rejected by Thomas. Accordingly, if Thomas does not prevail or obtains the judgment in the amount less than $1,000, she must pay the costs incurred by Schwarz after the date which the offer of judgment was made, i.e. January 28, 2021.

**Request for Further Relief Sought by the Party**

In the event, Thomas does not prevail at trial on her remaining claims, Schwartz requests that the Court award her costs and reasonable attorneys' fees incurred.

Dated: May 2, 2022.                                Respectfully submitted,

                                           ___/s/ J. Chapman Petersen_____
                                           J. Chapman Petersen, Esq., DC Bar# 448740
                                           Won Y. Uh, Esq. (admitted *pro hac vice*)
                                           CHAP PETERSEN & ASSOCIATES, PLC
                                           3970 Chain Bridge Road
                                           Fairfax, VA 22030
                                           Telephone 571.459.2512
                                           Facsimile 571.459-2307
                                           jcp@petersenfirm.com
                                           wyu@petersenfirm.com
                                           *Counsel for Jill Schwartz*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2022, I electronically filed the foregoing and all attachments with the Clerk of the Court using ECF system, which will notify registered participants as identified on the NEF, and paper copies will be sent to those indicated as non-registered participants.

_____/s/_____

J. Chapman Petersen