UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JILL SCHWARTZ,

    *Plaintiff*,

v.

ALEXANDRA THOMAS SCHWARTZ,

    *Defendant*.

Civil Action No. 1:19-cv-00340 (CJN)

## ORDER

Counterclaim-Defendant Jill Schwartz has filed a motion for leave to file a motion *in limine*, seeking to prevent the introduction into evidence at trial six email communications, records of commission payments, and two online newspaper articles. *See* Jill Schwartz's Motion, ECF No. 85. Jill Schwartz filed the motion more than thirty days after the Court's pretrial deadline to file motions *in limine*. *See* Court's Order, ECF No. 80 ("The Parties shall file their pretrial motions (including motions *in limine*), if any, on or before April 8, 2022"). Counterclaim-Plaintiff Alexandra Thomas Schwartz opposes the motion. *See* Thomas Schwartz's Opp'n, ECF No. 89. For the reasons that follow, the Court will deny the motion *in limine*. The Court notes, however, that it will entertain targeted evidentiary objections to the material throughout the course of trial.

Jill Schwartz filed this lawsuit alleging tort and contract claims against Thomas Schwartz (among others). *See* Compl., ECF No. 1. Thomas Schwartz responded with counterclaims of her own, asserting that Jill Schwartz defamed her and engaged in unfair competition. *See* Thomas Schwartz's Counterclaims, ECF No. 42. As relevant to this Order, Thomas Schwartz alleged that "[o]n numerous occasions between August 31, 2018 and October 24, 2018, the Counter-Defendant Jill Schwartz verbally and in writing demanded that Compass management terminate the Counter-

1

Plaintiff's employment contract, based on false and derogatory allegations relating to the Counter-Plaintiff's conduct, methods, and professional ethics and qualifications." *Id.* ¶ 78.  Thomas Schwartz further claimed that "[o]n numerous occasions between August 31, 2018 and October 26, 2018, Counter-Defendant made patently false and derogatory statements about Counter-Plaintiff to her managing broker, and other persons employed in supervisory and leadership roles within Compass, in a campaign to convince Compass to fire the Counter-Plaintiff as an agent." *Id.* ¶ 103.  Thomas Schwartz identified a specific email—sent by Jill Schwartz on September 11, 2018—in her Counterclaim pleadings. *Id.* ¶ 79.  That email identified some of Jill Schwartz's allegedly defamatory statements. *Id.*

During discovery, Thomas Schwartz discovered six additional emails, which allegedly include further defamatory statements made by Jill Schwartz.  Thomas Schwartz has not—at least at this point—amended her Counterclaim Complaint to identify these additional emails.  As she sees it, the additional emails "do not seek to recast [her Counterclaims] under a different or new legal theory, but merely clarify and support the existing allegations of a 'campaign to convince Compass to fire [her] as an agent' as set forth in her pleading."  Thomas Schwartz's Opp'n at 12.

Following the conclusion of discovery, both Jill Schwartz and Thomas Schwartz moved for summary judgment.  *See* Motions for Summary Judgment, ECF No. 57, 59.  The Court granted Thomas Schwartz's motion for summary judgment on all of Jill Schwartz's claims, but denied in part Jill Schwartz's motion for summary judgment on Thomas Schwartz's counterclaims.  *See* Memorandum Opinion, ECF No. 78.  In particular, the Court stated that "Thomas Schwartz argues that Jill Schwartz made defamatory statements about her in a series of emails to Compass management." *Id.* at 13.  The Court noted that Thomas Schwartz exchanged several emails, including those discovered during discovery, with Compass management calling the team

members, including Thomas Schwartz, "cheats, liars, and thieves." *Id.* The Court concluded that "a reasonable juror could conclude that these comments were defamatory." *Id.*

Jill Schwartz now seeks to exclude from trial various proposed exhibits identified by Thomas Schwartz in her pretrial submissions. *See* Jill Schwartz's Motion at 2. Those proposed exhibits include six emails sent from Jill Schwartz to various recipients with allegedly defamatory statements targeted at Thomas Schwartz. *Id.* Jill Schwartz also asks the Court to exclude two articles, which cover the nature of the lawsuit between the Parties. *Id.* And Jill Schwartz requests the exclusion of multiple exhibits relating to commission payments Jill Schwartz received from brokers on the basis of relevancy. *Id.* at 3.

Jill Schwartz does not seek to exclude the emails or the articles for evidentiary reasons. Instead, she asserts that Thomas Schwartz "cannot now rely on numerous statements, not identified in her pleading, to support either of her defamation claim or companion unfair competition claim." *Id.* at 3. Motions *in limine*, however, serve a limited purpose: They "are meant to deal with discrete evidentiary issues related to trial." *Graves v. D.C.*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011) (quotation omitted). Here, by contrast, Jill Schwartz argues that the emails and articles fall outside the scope of the pleadings. Such an argument appears outside the parameters of a motion *in limine*.

In any event, the Federal Rules address how to deal with the purported issues the emails and articles pose. Federal Rule of Civil Procedure 15(b)(1) states: "If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence." Courts have relied on this rule to permit the amendment of complaints

in scenarios not too different from the one here. *See Mcalister-Jones v. Foote*, No. 2:15-CV-202-WCO, 2017 WL 5505316, at *1 (N.D. Ga. Jan. 31, 2017), *aff'd*, 720 F. App'x 971 (11th Cir. 2017); *Quinn v. Henry Ford Health Sys.*, No. 15-10653, 2017 WL 214428, at *2 (E.D. Mich. Jan. 18, 2017); *see also Windstead v. D.C.*, No. CV 04-887 (JMF), 2010 WL 11602100, at *2 (D.D.C. July 20, 2010) (outlining the scope of the rule). The Court will entertain a motion under Rule 15(b)(1) if Thomas Schwartz is so inclined. The Court notes that it long has been, or should have been, apparent to Jill Schwartz that Thomas Schwartz intended to rely on more than just a single email for her claims.

As for the commissions, the Court concludes, at this time, that the commissions are admissible. Under Federal Rule of Evidence 401, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also* Fed. R. Evid. 402 ("Relevant evidence is admissible unless [the federal Constitution, a federal statute, the rules of evidence, or a rule prescribed by the Supreme Court] provides otherwise"). Under Rule 403, courts may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Jill Schwartz contends that the Court should exclude the exhibits relating to commissions paid to her on the basis that they lack relevance and are likely to cause unfair prejudice. *See* Jill Schwartz's Motion at 4. The Court disagrees at this stage. The commission exhibits are relevant to Thomas Schwartz's claim that Jill Schwartz defamed her. Indeed, Jill Schwartz allegedly claimed that Thomas Schwartz stole commissions. *See* Thomas Schwartz's Opp'n at 18. Plus, the commission payments are potentially relevant to the issue of damages. *See id.*

4

An additional independent ground supports the Court's decision.  Jill Schwartz filed the motion *in limine* more than thirty days after the Court's pretrial deadline to file motions *in limine*. *See* Court's Order, ECF No. 80.  Federal Rule of Civil Procedure 6(b)(1)(B) provides that when "an act . . . must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  The excusable neglect "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Nothing Jill Schwartz has presented convinces the Court that she should be permitted to file this last-minute motion.  The contention that Jill Schwartz could not have known about the exhibits "until after the review of Thomas's Pretrial Statements and exhibits identified therein" falls apart upon a closer look.  Jill Schwartz's Motion at 2.  Thomas Schwartz supported her cross-motion for summary judgment filed in late 2020 with the same exhibits at issue here.  *See* Thomas Schwartz's Cross-Mot. for Summary Judgment, ECF No. 59 at 39 (arguing that "there is no genuine dispute that on September 6th, 7th, 9th, 10th, 11th, and 15th, [Jill Schwartz] demanded that Compass fire [Thomas Schwartz] for cause based on numerous false accusations of unprofessional, unethical, and illegal conduct").  As noted above, it long has been, or should have been, apparent to Jill Schwartz that Thomas Schwartz intended to rely on more than just a single email for her claims.  Jill Schwartz cannot establish excusable neglect.

It is SO ORDERED.

DATE:  May 18, 2022

CARL J. NICHOLS
United States District Judge

5