JILL SCHWARTZ,

        *Plaintiff/Counter-Defendant*,

   v.                               Civil Action No. 1:19-cv-00340 (CJN)

ALEXANDRA THOMAS SCHWARTZ,

        *Defendant/Counter-Plaintiff*.

## **JURY INSTRUCTIONS**

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## <u>Instruction 1:  Evidence in the Case</u>

You may consider only the evidence admitted in the case.  The evidence consists of the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated to by the parties.

Statements and arguments of the lawyers are not evidence.  They are intended only to help you to understand the evidence.  Similarly, the questions of the lawyers are not evidence.

If anyone describes the evidence you have heard differently from the way you remember it, it is your memory that should control during your deliberations.

You must rely on your own recollection of the testimony and on any notes you may have taken during the trial.  Although the court reporter has been transcribing the trial, a transcript will not be available for you to review during your deliberations.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## Instruction 2:  Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence.  When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.  On the other hand, evidence of facts from which reasonable conclusions may be drawn is circumstantial evidence.

Let me give you an example.  Assume a person looked out a window and saw that snow was falling.  If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen.  Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.  His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.  The law does not favor one form of evidence over another.  It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.  You are permitted to give equal weight to both.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## Instruction 3:  Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  Objections are not evidence.  You must not hold such objections against the lawyer who made them or the party he or she represents.  It is the lawyers' responsibility to object to evidence that he or she believes is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, then you should ignore the question and you must not guess about what the answer would have been.  If, after a witness answered a question, I ruled that the answer should be stricken, then you should ignore both the question and the answer, and they should play no part in your deliberations.

Similarly, if I sustained an objection to an exhibit, then you should ignore the exhibit and it should play no part in your deliberations.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## <u>Instruction 4:</u>  Credibility of Witnesses

In deciding what the facts are, you must weigh the testimony of all the witnesses who have appeared before you.  You are the sole judges of the credibility of the witnesses.  In other words, you alone determine whether to believe any witness and to what extent any witness should be believed.  Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness.  For example, you may consider the witness's age, demeanor, capacity to observe and recollect facts, and any other facts and circumstances bearing on credibility.  You may consider whether the witness has any motive for not telling the truth, any interest in the outcome of this case, or any friendship or animosity toward other persons involved in this case.  You may consider the plausibility or implausibility of the testimony of a witness.

You may also consider whether the witness's testimony has been contradicted or supported by other evidence.  You must avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination of credibility.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## <u>Instruction 5: Number of Witnesses and Exhibits</u>

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side or the number of exhibits on either side—it depends on the quality, and not the quantity, of the evidence. It is up to you to decide whether to credit the testimony of a smaller number of witnesses or a small number of exhibits on one side or the testimony of a greater number of witnesses or a greater number of exhibits on the other side.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## **Instruction 6:  Impeachment by Prior Inconsistent Statement**

You have heard evidence that a witness previously made statements and that these statements may be inconsistent with the witness' testimony here at trial.  It is for you to decide whether any of these prior statements was made and, if one or more was made, whether it is inconsistent with the witness' testimony during this trial.  If you find that any prior statement is inconsistent with the witness' testimony here in court, you may consider this inconsistency in judging the credibility of the witness.

In one respect, the law treats prior statements that are inconsistent with court testimony differently depending on whether the prior statement was made under oath. If the prior inconsistent statement was made under oath, you may consider the statement as evidence that what the witness originally said was true.  If the prior inconsistent statement was not under oath, you may not consider it as evidence that what the witness said in the earlier unsworn statement was true.  Whether or not the prior inconsistent statement was under oath, you may consider the inconsistency in judging the witness' credibility.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## **Instruction 7:  Failure to Produce Witness or Other Evidence**

If a party failed to produce relevant evidence or failed to a call a witness that could have given relevant evidence, and that evidence was particularly available to that party, and that party did not sufficiently explain why the evidence was not produced, then you are permitted to infer that the evidence would have been unfavorable to the party who failed to produce the evidence.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## <u>Instruction 8:  Adopting Prior Inconsistent Statements</u>

If a witness testifies that a prior inconsistent statement is the truth, then you may consider the prior inconsistent statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## <u>Instruction 9:  Burden of Proof</u>

The party who makes a claim has the burden of proving it.  This burden of proof means that the plaintiff, here Alex Thomas, must prove every element of her claim by a preponderance of the evidence.

To establish an element by a preponderance of the evidence, Alex Thomas must show evidence that produces in your mind the belief that the thing in question is more likely true than not true.  Alex Thomas need not prove any element beyond a reasonable doubt, the standard of proof in criminal cases, or to an absolute or mathematical certainty.

If you believe that the evidence is evenly balanced on an issue Alex Thomas had to prove, then your finding on that issue must be for the defendant, here Jill Schwartz.

In arriving at your verdict, you should consider only the evidence in this case.  That said, in determining whether a party has carried its burden of proof, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience and common sense.  You should not rely on speculation or guesswork.

You should consider all the evidence bearing on each claim, regardless of who produced it.  A party is entitled to benefit from all evidence that favors that party, whether that party or the adversary produced it.  You should not give more or less weight to evidence just because it happened to be produced by one side or the other.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## **Instruction 10:  Private-Plaintiff Defamation Claims**

The plaintiff, here Alex Thomas, has alleged that the defendant, here Jill Schwartz, defamed her.  To find in favor of Alex Thomas, you must find by a preponderance of the evidence:

(1) that Jill Schwartz published a false statement about Alex Thomas;

(2) that the statement was defamatory;

(3) that Jill Schwartz was negligent in publishing the statement; and

(4) that Alex Thomas suffered actual injury as a result.

To publish a statement means to communicate the statement to a third person.

To be negligent in publishing means to unreasonably fail, under the circumstances, to take care that the statement was true.

A false statement is one that is not substantially true.

A statement is defamatory if it tends to injure a person in his or her trade, profession or community standing, or lowers him or her in the estimation of the community.

In determining whether a particular statement defamed Alex Thomas, you must consider how those persons who read the statement reasonably understood the meaning that the statement was intended to express.  You must consider the plain and natural meaning of the words of the statement, and you must consider the statement in the context of the entire publication taken as a whole.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## Instruction 11:  The "Of and Concerning" Requirement

To prove defamation, the plaintiff, Alex Thomas, must prove that the defendant's, Jill Schwartz's, statement was published "of and concerning" Alex Thomas.  In other words, the statement must identify Alex Thomas in such a way that those who know her would understand that the statement referred to Alex Thomas.

The statement does not have to specifically name Alex Thomas, but the surrounding circumstances must leave no doubt in the reader's mind about Alex Thomas's identity.  There must be proof of certainty about the identity of the person defamed before liability can be imposed.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## Instruction 12:  The Substantial Truth Requirement

The plaintiff, Alex Thomas, has the burden of establishing that the published statement is false.  A false statement is one that is not substantially true.  If the published statement is substantially true, then, it is not false.  Minor inaccuracies do not amount to falsity.  If the "gist" or "sting" of the statement is true, then the defendant, Jill Schwartz, is not liable for defamation. An opinion, generally speaking, cannot be false.

You must decide whether the following statements in the four relevant emails, and only these statements, are false and defamatory:


### EMAIL FROM SEPTEMBER 11, 2018, 6:35 P.M. (Plaintiff Exhibit # 10)

- "She was not involved at all.  She sent the listing agreement to the Seller one hour before she downloaded my database."
- "Her business model is to steal the JillSchwartz group Listings that I secured."


### EMAIL FROM SEPTEMBER 7, 2018, 6:01 P.M. (Plaintiff Exhibit # 3)

- "My xgroup was stealing deals, self approving commissions, failing to upload contracts to keep them off the business center . . ."
- "But my entire group, planned a coup, and conspired to leverage my experience and tenure to stay at Compass."

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

### EMAIL FROM SEPTEMBER 9, 2018, 9:02 A.M. (Plaintiff Exhibit # 4-1)

- "As you even agreed and said, 'this is stealing.'"

- "Who does that? Cheats, liars, thieves."

- "document behavior I am aware of:

   1. Stealing commissions.

   2. Submitting to compass accounting directly they are on 100 percent split.

   3. [omitted]

   4. Being paid commission and cutting out Compass.

   5. Instructing Compass finance to send RFPs directly to them for approval and bypass their Team Leader.

   6. Reentering old listing agreements to change into their name.

   7. Downloading the JSG Database.

   8. [omitted]

   9. Share confidential information about JillSchwartzGroup Brand.

   10. Stealing my identity (starting with Alex Thomas on her Compass email signature) success, numbers, awards, materials and brand then parlaying it into their baseline success story.

   11. [omitted]."

### EMAIL FROM SEPTEMBER 15, 2018, 12:44 P.M. (Plaintiff Exhibit # 15)

- "Why are they permitted to solicit JillSchwartzGroup clients with agreements written in prior contracts … that is stealing."

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

# <u>Instruction 13: Evidence Admitted for a Limited Purpose</u>

Recall that there are several relevant emails in this case. The following three emails are not to be taken as defamatory statements in and of themselves:

- Jill Schwartz's email to Holly Worthington sent on September 6, 2018 at 8:10am;

- Jill Schwartz's email to Holly Worthington sent on September 10, 2018 at 7:21pm; and

- Jill Schwartz's email to Holly Worthington sent on September 10, 2018 at 7:46pm.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## **Instruction 14:  Interpretation of Defamatory Meaning**

When a statement can have two meanings, one meaning being defamatory and the other not, you must decide which of the two meanings was reasonably given to it by the persons who read or received the statement.  In reaching your decision, you may consider all the circumstances surrounding the statement.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## Instruction 15:  Damages—Jury to Award

If you find for the plaintiff, Alex Thomas, then you must decide what amount of money will fairly and reasonably compensate her for the harm that you find was caused by the defendant, Jill Schwartz.  When you hear the term damages in these instructions, that term refers to the amount of money you may decide to award Alex Thomas as I have described.  When I refer to damages, I do not mean to suggest that you should decide for or against any party on any issue.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## <u>Instruction 16:  Extent of Damages—Cause</u>

The plaintiff, Alex Thomas, is entitled to compensation for any harm that Defendant's, Jill Schwartz's, negligent or wrongful conduct caused.  Conduct causes harm if it plays a substantial part in bringing about the harm.  In addition, the harm must be either a direct result or a reasonably probable consequence of the conduct.  Jill Schwartz is liable to pay damages only for the harm that Jill Schwartz's conduct caused.  If you find that her conduct caused only part of Alex Thomas's harm, then you should award compensation only for that part.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## <u>Instruction 17:  Burden of Proof—Speculative Damages</u>

Alex Thomas, the plaintiff, must prove that it is more likely than not that she is entitled to damages.  The evidence must establish the amount of Alex Thomas's damages with reasonable certainty.  You may award Alex Thomas only those damages that are based on a just and reasonable estimate based on relevant evidence.   Reasonable certainty does not require exact or mathematically precise proof of damages, or that future damages are absolutely certain to occur.  You may award damages for future harm so long as Alex Thomas shows that injuries will probably continue.  However, you may not award damages that are speculative, based on guesswork, or dependent upon merely remote possibilities not reasonably certain to occur.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## **Instruction 18:  Compensatory Damages**

If the plaintiff, Alex Thomas, has demonstrated that she sustained actual injury as a direct result of the publication of a defamatory statement, then you should award Alex Thomas compensatory damages.

You should award a sum of money that compensates (1) for any injury to Alex Thomas's good name and reputation, (2) for any mental anguish, distress, and humiliation, and (3) for any economic or monetary loss that Alex Thomas suffered as a result.

You are not to return a separate sum for each element that I have mentioned.  Rather, you should consider all of these elements to arrive at a single amount of compensatory damages.

## **Instruction 19:  Defamation *per se* and Presumed Damages**

If you find that Alex Thomas proved by preponderance of evidence that Jill Schwartz defamed Alex Thomas, yet Alex Thomas has not proven actual damages, you may still award presumed damages if you find that the defamation constitutes defamation *per se*.  Defamation *per se* occurs where the false statement concerns the complainant's professional character and tends to injure her trade, occupation, or business, or falsely accuses her of a crime.  When there is defamation *per se*, the law presumes that the complainant has suffered damages.

To award Alex Thomas presumed damages, you must find by a preponderance of the evidence:

(1) that Jill Schwartz published false and defamatory statements concerning Alex Thomas;

(2) that Jill Schwartz's fault in publishing those statements amounted to at least negligence; and

(3) that those statements falsely impute to Alex Thomas a crime or ascribed Alex Thomas conduct, characteristics, or a condition that would adversely affect her fitness for the proper conduct of her lawful business, trade, or profession.

The factors you may consider to determine the amount of presumed damages are:

(1) the seriousness of the defamatory charge,

(2) the extent of distribution of the defamation, including how widely it was disseminated and the duration,

(3) the extent to which the communication was actually believed,

(4) Alex Thomas's prominence and professional standing in the community, and

(5) whether there has been a timely and effective retraction and apology.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## <u>Instruction 20:  Punitive Damages</u>

In addition to compensatory damages, the plaintiff, Alex Thomas, also seeks an award of punitive damages against the defendant, Jill Schwartz.  Punitive damages are not intended to compensate an injured plaintiff.  Rather, the law permits a jury in a civil case to assess punitive damages against a defendant as a punishment for outrageous conduct, and to deter others from engaging in that kind of conduct.

Punitive damages are damages above and beyond the amount of compensatory damages you may award.

Generally speaking, you may award punitive damages only if the plaintiff has proved with clear and convincing evidence:

(1) that the defendant acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of the plaintiff; and

(2) that the defendant's conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of the plaintiff.

Clear and convincing evidence is evidence that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.  You may conclude that the defendant acted with a state of mind justifying punitive damages based on direct evidence or based on circumstantial evidence from the facts of the case.

In the context of defamation, and in this case in particular, you may award punitive damages against Jill Schwartz only if Alex Thomas has proved by clear and convincing evidence that both of these two conditions are true:

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

(1) Jill Schwartz published a defamatory statement with knowledge that the statement was false, or with reckless disregard of whether it was false or not; and

(2) Jill Schwartz's conduct in publishing a defamatory statement showed maliciousness, spite, ill will, vengeance or deliberate intent to harm Alex Thomas.

If you find both of these conditions are true, then you have the option of assessing punitive damages against Jill Schwartz. The law does not require you to assess punitive damages. If you decide to assess punitive damages, the amount of such damages is left to your good judgment.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## **Instruction 21:  Computation of Punitive Damages Award**

If you find that the plaintiff, Alex Thomas, is entitled to an award of punitive damages, then you must decide the amount of the award.  To determine the amount of the award you may consider the relative wealth of the defendant, Jill Schwartz, at the time of trial, the nature of the wrong committed, the state of mind of the defendant when the wrong was committed, the cost and duration of the litigation, and any attorney's fees that the plaintiff has incurred in this case.  Your award should be sufficient to punish the defendant for her conduct and to serve as an example to prevent others from acting in a similar way.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## **Instruction 22:  Unfair Competition Claims**

Alex Thomas seeks damages against Jill Schwartz for common law unfair competition. Common law unfair competition is not defined in terms of specific elements, but by the description of various acts that would constitute unfair competition if they resulted in damage.  The relevant underlying acts here are the alleged defamatory emails.   To find in favor of Alex Thomas on her unfair competition claims, you must find by a preponderance of the evidence that:

(1) Alex Thomas and Jill Schwartz were in a commercially competitive relationship;

(2) Jill Schwartz defamed Alex Thomas or disparaged Alex Thomas's business method; and

(3) Alex Thomas suffered damages as a result.

## **Instruction 23: Jury's Function and Considering Instructions as a Whole**

Before I excuse you to deliberate, I want to discuss a few final matters with you.

During your deliberations, you must consider the instructions as a whole. All of the instructions are important. You must not ignore or treat any single instruction or part of an instruction differently than the other instructions.

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level. You should determine the facts solely from a fair consideration of the evidence.

You should decide the case without prejudice, fear, sympathy, favoritism or consideration of public opinion.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## <u>Instruction 24:  Selection of Foreperson</u>

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court.  Consider selecting a foreperson who will encourage civility and mutual respect, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote full and fair consideration of the evidence.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## **Instruction 25:  Unanimity and Duty to Deliberate**

The verdict must represent the considered judgment of each juror.  In order to return a verdict, your verdict must be unanimous—that is, each juror must agree to the verdict.

Each of you has a duty to consult with other jurors in an attempt to reach a unanimous verdict.  You must decide the case for yourself, and you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.  However, you should seriously consider the views of your fellow jurors, just as you expect them seriously to consider your views, and you should not hesitate to change an opinion if you are convinced by other jurors.

Remember that you are not advocates but neutral judges of the facts.  You will make an important contribution to the cause of justice if you arrive at a just verdict in this case.  Therefore, during your deliberations room, your purpose should not be to support your own opinion but to determine the facts.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## <u>Instruction 26:  Beginning of Deliberations</u>

It may not be useful for a juror, at the start of deliberations, to announce a determination to stand for a particular verdict.  When a juror announces a firm position at the outset, the juror may hesitate to back away after discussion with other jurors.

Furthermore, many juries find it useful to avoid a vote at the very beginning of deliberations.  Calmly reviewing and discussing the case is often a more useful way to begin. Remember that you are not partisans or advocates, but judges of the facts.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## **Instruction 27:  Communications Between Court and Jury**

If it becomes necessary during your deliberations to communicate with me, you may send a note, signed by your foreperson or by one or more members of the jury.  If you have a note, the foreperson should knock on the courtroom door, and the clerk will get the note and give it to me. If you are divided on any matter, you should not reveal in any note or otherwise how the jury is divided.

*Jury Instructions for Alex Thomas v. Jill Schwartz (19-cv-340)*

## **Instruction 28:  Delivering the Verdict**

When you have reached your verdict, send me a note—signed by the foreperson—telling me you have reached your verdict.  Do not tell me in the note what your verdict is.  I will put a verdict form in the front of the binder with the instructions.  The foreperson should fill out and sign the verdict form.  I will then call you into the courtroom and ask the foreperson for the verdict form and for your verdict.