**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JILL SCHWARTZ,

        *Plaintiff/Counter-Defendant*,

  v.

ALEXANDRA THOMAS SCHWARTZ,

        *Defendant/Counter-Plaintiff.*

Civil Action No. 1:19-cv-00340 (CJN)

**ORDER**

A jury found Counter-Defendant Jill Schwartz liable for defaming her former colleague, Alexandra Thomas Schwartz ("Thomas").  The matter is now before the Court on Schwartz's Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial ("Counter-Def.'s Mot."), ECF No. 118.  For the reasons that follow, the Court denies the Motion.

"The legal standard for granting a renewed motion for judgment as a matter of law is the same under Rule 50(b) as it is for a motion before entry of the verdict under Rule 50(a)." *Rice v. D.C.*, 818 F. Supp. 2d 47, 54 (D.D.C. 2011).  Such relief is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a).  A new trial is warranted "when a manifest error of law or fact is presented." *In re Lorazepam & Clorazepate Antitrust Litig.*, 467 F. Supp. 2d 74, 87 (D.D.C. 2006).  This "demanding standard reflects the principle that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, or securing a rehearing on the merits." *Morris v. Pruitt*, 308 F. Supp. 3d 153, 159 (D.D.C. 2018) (cleaned up).

1

Schwartz makes four arguments in support of her Motion.  *First*, she argues that the Court erred in declining to instruct the jury on the common interest privilege to defamation.  *See* Counter-Def.'s Mot. at 3–6.  But the Court previously held that Schwartz forfeited the privilege—which is an affirmative defense to defamation—by failing to assert it in her original Answer.  *See* Minute Order, June 5, 2022.[1]  And under the law-of-the-case doctrine, "the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*."  *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc).  Courts should depart from this principle only when there are "extraordinary circumstances," such as when the prior decision is "clearly erroneous and would work a manifest injustice."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quotations omitted).  Schwartz has not shown that the Court's prior ruling was clearly erroneous—true, Schwartz raised the privilege in response to Thomas's Amended Counterclaim, but that doesn't excuse her from having failed to assert the defense when she filed her original Answer.

*Second*, Schwartz contends that the Court erred in allowing Thomas to offer "self-diagnosis testimony" about damages.  *See* Counter-Def.'s Mot. at 6–8.  Schwartz argues that expert testimony is required on the damages question because Thomas, if injured at all, was injured at two distinct points in time—first, around September 2018 when Thomas learned about one of the defamatory emails; and later, around August 2020 when Thomas learned of three more defamatory emails.  According to Schwartz, expert testimony is therefore needed to prove a causal connection between the emails and the injury—Thomas cannot, says Schwartz, rely on an exception that

---

[1] The Court also held that the privilege is inapplicable because Schwartz and Thomas were competitors at the time Schwartz made the relevant statements.  *See* Minute Order, June 5, 2022 (citing Restatement (Second) of Torts § 594 cmt. g (1977)).

allows lay testimony to establish causation for injuries that occur shortly after the tortious act.  *See Lightfoot v. Rosskopf*, 377 F. Supp. 2d 31, 33 (D.D.C. 2005).

But Thomas did not testify about—and the jury did not award damages for—any injuries resulting from her learning of the three emails in August 2020.  *See* 6/3/22 Trial Tr. 4:13–5:20[2]; *see also* Verdict Form, ECF No. 117.  Indeed, the Court excluded such testimony.  *See* 6/3/22 Trial Tr. 5:8–10.  Thomas's testimony instead centered on the harm that she suffered upon learning about the September 11, 2018 email, which is the email that she discovered shortly after it was published.  *See* 6/2/22 Trial Tr. 204:16–205:21; *see also Lightfoot*, 377 F. Supp. 2d at 33 (explaining that lay testimony is permitted "when the injury develops within a reasonable time after the accident").

*Third*, Schwartz argues that the defamatory statements added to Thomas's Amended Counterclaim in May 2022—which are based on the three emails that Thomas discovered in August 2020 during discovery—should have been excluded from trial under the District of Columbia's one-year statute of limitations for defamation claims.  *See* Counter-Def.'s Mot. at 9; *see also Lin v. Ministry of State Sec.*, 254 F. Supp. 2d 61, 68 (D.D.C. 2003) ("In the District of Columbia, the statute of limitations for defamation claims is one year from the date of first publication.").  But even when the statute of limitations period has expired, "Federal Rule of Civil Procedure 15(c) allows allegations in an amended complaint to relate back to the date of the original complaint if the claims or defenses asserted in the amended pleading 'arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" *Philogene v. D.C.*, 864 F. Supp. 2d 127, 133 (D.D.C. 2012) (quoting Fed. R. Civ. P. 15(c)(1)(B)). In determining whether a claim relates back, "[t]he underlying question is whether the original

---

[2] Rough Draft Trial Transcript

complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint." *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008).

Thomas's original Counterclaim provided such notice.  In it, Thomas alleged that Schwartz made a series of defamatory statements between August 2018 and October 2018.  And in her Amended Counterclaim, Thomas added more particularity to this allegation by identifying several of the specific statements (beyond the one previously included in the original Counterclaim).  In other words, the specific allegations in Thomas's Amended Counterclaim fall within the language of her original Counterclaim and amplify its general allegations—they do not raise a new theory of liability or otherwise exceed the scope of what Thomas had already pleaded.  *See Morton Grove Pharmaceuticals, Inc. v. Nat'l Pediculosis Ass'n, Inc.*, 525 F. Supp. 2d 1039, 1047 (N.D. Ill. 2007) ("The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." (quotations omitted)).  Schwartz was therefore on notice of "the basis for liability [that Thomas] would later advance in the amended complaint." *Meijer*, 533 F.3d at 866.  Accordingly, the new claims relate back to the date of the original Counterclaim and are not time-barred by the statute of limitations.

*Fourth*, Schwartz claims that four of the defamatory statements submitted to the jury were neither statements of fact nor actionable statements of opinion.  *See* Counter-Def.'s Mot. at 10–11.  Those statements are:

- "Her business model is to steal the JillSchwartz group Listings that I secured."

- "As you even agreed and said, 'this is stealing.'"

- "Who does that?  Cheat, liars, thieves."

- "[…] that is stealing."

*Id.* at 10.  For essentially the same reasons the Court gave when it denied Schwartz's Motion for Summary Judgment, *see* Mem. Op. at 12–13, ECF No. 78, the Court concludes that a reasonable jury could have determined that each of these statements is actionable as defamation, *see id.* at 12 ("And while statements of opinion regarding matters of public concern cannot be defamatory if they do not contain or imply a provably false fact, they are actionable if they imply a provably false fact or rely upon stated facts that are provably false.").

Accordingly, it is

**ORDERED** that Counter-Defendant's Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial, ECF No. 118, is **DENIED**.

DATE:  November 21, 2022

CARL J. NICHOLS
United States District Judge